IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00209-DDD-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALLEN TODD MAY,

    Defendant.

## ORDER OF DETENTION

This matter came before the Court for a detention hearing on September 28, 2023. The government is requesting detention in this case. The defense did not contest detention. In making its findings of fact, the court has taken judicial notice of the entire court file.

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. ' 3142(b). The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining

1

whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

    (1)    The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

    (2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person includingB

        (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    (4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. ' 3142(g).

Weighing the factors set out in the Bail Reform Act, the court finds that the defendant is charged with ten counts of wire fraud in violation of 18 U.S.C. § 1343; seven counts of mail fraud in violation of 18 U.S.C. § 1341; and one count of escape in violation of 18 U.S.C. § 751(a). The defendant is alleged to have escaped from custody in the Federal Correctional

Institution in Englewood, Colorado, on December 21, 2018. Based on this evidence, the court finds that there are no conditions or combination of conditions that it can impose to assure the safety of the community or the defendant's presence at future court dates.

    IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

    IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED:   September 29, 2023        BY THE COURT:

                                                      s/Susan Prose
                                                      Susan Prose
                                                      United States Magistrate Judge