IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 22-cr-00209-DDD

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ALLEN TODD MAY,

        Defendant.

_____

## UNOPPOSED MOTION TO CONTINUE THE MOTIONS DEADLINE, TRIAL PREPARATION CONFERENCE, AND TRIAL DATES
_____

        Allen Todd May, through his attorney with the Federal Public Defender's Office, Kristin Whitaker, moves to continue the current pretrial motions deadline (October 19, 2023), the trial preparation conference (November 21, 2023), and the trial (November 27-December 1, 2023) by 90 days. The ends of justice served by this requested continuance outweigh the best interests of the public and the defendant in a speedy trial. This motion is unopposed by the government.

I.    <u>Procedural Posture</u>

    a.  On June 22, 2022, the government filed an indictment against Mr. May, alleging: Counts 1-10, *Wire Fraud*, under 18 U.S.C. § 1343; Counts 11-17, *Mail Fraud*, under 18 U.S.C. § 1341; and Count 18, *Escape*, under 18 U.S.C. § 751(a). Doc. 1.

    b.  On August 2, 2023, Mr. May was arrested in the Southern District of Florida and an initial appearance was held. Doc. 7. He retained his hearings for the District of Colorado, the Court detained him, and the Marshals transported him. Doc. 8.

c. On September 28, 2023, the parties appeared before the Court in the District of Colorado for an initial appearance and counsel was appointed. Doc. 10. Mr. May did not contest detention, and he was detained. *Id.* The Court arraigned him, he plead not guilty, and the discovery memorandum was executed. *Id.*

d. On October 3, 2023, the Court set a pretrial motions deadline of October 19, 2023; a trial preparation conference on November 21, 2023; and a five-day jury trial to commence on November 27, 2023. Doc. 16.

e. On October 10, 2023, the U.S. Attorney's Office disclosed its first batch of discovery in the case. Additional discovery is anticipated.

II.   Legal Standard for Continuances

Pursuant to 18 U.S.C. § 3161(h)(7)(A), a Court may exclude time from speedy trial calculations if such delay serves the ends of justice and those ends "outweigh the best interest of the public and the defendant in a speedy trial." Applicable factors that the Court should consider in determining whether the requested delay should be granted in this case include:

a. Whether a failure to grant the continuance would result in a miscarriage of justice pursuant to 18 U.S.C. § 3161(h)(7)(B)(i);

b. Whether a failure to grant the continuance would deny counsel for the Defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence 18 U.S.C. § 3161(h)(7)(B)(iv); and

c. The diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; inconvenience to the opposing party, its witnesses, and the Court; and the need for the continuance and the prejudice the defendant might suffer as a result of the district court's denial of the continuance.

*United States v. West*, 828 F.2d 1468 (10th Cir. 1987).

The decision to grant an "ends of justice" continuance is within the discretion of the Court and is reviewed under an abuse of discretion standard. *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009). "[A]dequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F.3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "[s]ubsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 559 U.S. 196, 213-14 (2010), quoting *Zedner v. United States*, 547 U.S. 489, 498 (2006).

III.   <u>Argument</u>

This case meets the criteria set forth in 18 U.S.C. § 3161(h)(7). Mr. May requests a finding that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant…reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). Mr. May and undersigned counsel require at least an additional 90 days to receive and review the discovery materials together, conduct necessary pre-trial investigation, research the pertinent legal issues, prepare appropriate pre-trial motions, and fully discuss both the likelihood of success or failure at trial and the sentencing range he would face if convicted, as well as prepare for trial or negotiate a favorable disposition with the government.

The nature and facts of the case are such that no amount of diligent work can ensure effective assistance of counsel within the current speedy trial timeframe. More time is essential to guarantee his right to effective representation. Undersigned counsel believes the requested

extension would serve the requested purpose and allow for a complete and thorough defense investigation as well as the necessary time for plea negotiation and preparation for motions and trial.  The present request is the first request for additional time under the Speedy Trial Act in this case.

Discovery review for this case is in the initial stages, and additional disclosures are expected.  Upon completion of the initial review, undersigned counsel will need to meet, review, and discuss the discovery with Mr. May.  In addition, any related legal issues will need to be researched, along with any supplemental investigation, and consultation with possible experts.

Neither Mr. May, nor the government, object to the requested continuance.  The failure to grant the requested continuance in this case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

IV.    Conclusion

For the reasons stated above, undersigned counsel requests that the Court extend the motion's deadline, trial preparation conference, and trial date by approximately 90 days, pursuant to the satisfied criteria in 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

*s/ Kristin Whitaker*
KRISTIN WHITAKER
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  Kristin_Whitaker@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2023, I electronically filed the foregoing

**UNOPPOSED MOTION TO CONTINUE THE MOTIONS DEADLINE, TRIAL PREPARATION CONFERENCE, AND TRIAL DATE**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

> Martha Paluch, Assistant U.S. Attorney
> Email: Martha.paluch@usdoj.gov

and I will serve the document or paper to the following non-CM/ECF participant in the manner indicated:

> Allen Todd May (held on file)

> *s/ Kristin Whitaker*
> KRISTIN WHITAKER
> Assistant Federal Public Defender
> 633 Seventeenth Street, Suite 1000
> Denver, Colorado  80202
> Telephone:  (303) 294-7002
> FAX:  (303) 294-1192
> Email:  Kristin_Whitaker@fd.org
> Attorney for Defendant