# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Daniel D. Domenico

Criminal Action No. 1:22-cr-00209-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALLEN TODD MAY,

    Defendant.

## ORDER GRANTING MOTION TO CONTINUE

Defendant moves to continue the trial date in this case by ninety days, and to exclude that period of delay when computing the time within which his trial must commence under the Speedy Trial Act. Doc. 18. For the following reasons, I find that the requested continuance is warranted, and that the ends of justice served by granting the continuance outweigh the best interests of the public and Defendant in a speedy trial. Accordingly, Defendant's motion is granted.

## PROCEDURAL HISTORY

On June 22, 2022, Defendant was indicted on multiple counts of wire and mail fraud and one count of escape under 18 U.S.C. Sections 1341, 1343, and 751(a). Doc. 1. Over one year later, on August 2, 2023, Defendant was arrested. Doc. 7. Defendant entered a plea of not guilty at his arraignment (Doc. 10), making December 7, 2023 the deadline for his trial to commence under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). Defendant has been ordered detained pending trial. Doc. 15.

On October 3, 2023, the Court entered an order setting trial to commence on November 27, 2023. Doc. 16. Defendant now moves to exclude ninety days from the Speedy Trial calculation and to vacate the current trial date. Doc. 18. The government does not oppose the motion. *Id.* at p. 1.

## APPLICABLE LAW

When evaluating a request to continue a trial, I consider the following factors: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the Court resulting from the continuance; and (4) the need asserted for the continuance and the harm that the party requesting it might suffer if the continuance is denied. *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). No single factor is determinative, and the weight given to any one factor may vary depending on the extent of the showing on the others. *Id.* However, "by far the most important factor to consider" is the requesting party's need for a continuance and the prejudice resulting from its denial. *Id.* at 1471.

When a request for continuance implicates Speedy Trial Act requirements, I may exclude from the statutory time period within which the Defendant's trial must commence "[a]ny period of delay resulting from a continuance granted . . . on the basis of [my] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In order to exclude the period resulting from such a continuance, I must set forth in the record my reasons for finding that the ends of justice served by granting the continuance outweigh the best interests of the

public and the defendant in a speedy trial, considering the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(A)-(B); *see also United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009).

## DISCUSSION

Defendant requests a continuance for the following reasons: (1) to review discovery materials and conduct pre-trial investigation; (2) to research relevant legal issues and prepare appropriate pre-trial motions; and (3) to assess the likelihood of success or failure at trial, the relevant sentencing range, and whether to negotiate a disposition with the government. Doc. 18 at p. 3.

I find that the *West* factors weigh in favor of granting the requested continuance. Nothing in the record suggests that Defendant and his

counsel have not been diligent in preparing for trial. A continuance, if granted will allow the defense to review discovery, conduct necessary investigation, communicate regarding case strategy, and file appropriate pretrial motions if necessary. Such a continuance is particularly warranted given the complexity and number of charges Defendant faces. The government does not oppose the requested continuance, and the continuance will not cause any significant inconvenience to the Court. And Defendant might be significantly prejudiced if the continuance is denied, as he may be unable to effectively prepare for trial without adequate time to conduct necessary investigation, review discovery, consult with counsel, and prepare pre-trial motions.

I further find that the Speedy Trial Act factors weigh in favor of a finding that the ends of justice served by granting the requested continuance outweigh the best interests of the public and Defendant in a speedy trial. It is in the Defendant's best interest to have sufficient time to complete necessary pretrial tasks and have informed discussions with his attorney regarding his case. Without the requested continuance, the defense will be unable to effectively file appropriate motions and prepare the case for trial. A limited ends-of-justice continuance will not subvert the public's or Defendant's interest in the prompt prosecution of this case.

## CONCLUSION

Accordingly, based on the relevant record considered as a whole, I FIND that:

Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c)(1) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

Even taking into account the exercise of due diligence, failure to grant the requested continuance would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

The ends of justice served by granting the requested continuance outweigh the best interest of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A); and

Ninety days should be excluded from the computation of the Speedy Trial Act time.

For the foregoing reasons,[1] it is ORDERED that:

Defendant's Unopposed Motion to Continue the Motions Deadline, Trial Preparation Conference, and Trial Dates (Doc. 18) is **GRANTED**;

Ninety days, from October 18, 2023 to January 16, 2024, will be excluded from the computation of the Speedy Trial Act time;

The five-day jury trial set for November 2, 2023 at 9:00 a.m. is VACATED and RESET to commence at **9:00 a.m.** on **January 29, 2024** in Courtroom A1002 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294. Counsel and pro se parties must be present at 8:30 a.m. on the first day of trial;

The Trial Preparation Conference is SET for **1:30 p.m.** on **January 25, 2024** in Courtroom A1002; and

The pretrial motions deadline is extended to **January 17, 2024**, responses to those motions must be filed no later than **January 24, 2024**, and no replies are permitted without prior leave of the Court. The

---

[1] As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the Court's calendar or lack of diligent preparation by the government's counsel.

deadlines for disclosing and challenging expert witnesses, filing any notice of disposition, filing and responding to motions *in limine*, filing proposed jury instructions and verdict forms, filing trial briefs, filing witness and exhibit lists, and filing proposed *voir dire* questions remain as stated in the Order Setting Trial Date and Related Deadlines (Doc. 16).

DATED: October 18, 2023   BY THE COURT:

Daniel D. Domenico
United States District Judge