IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 22-cr-209-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALLEN TODD MAY,

    Defendant.

_____

**MOTION FOR DEPARTURE PURSUANT TO § 4A1.3(b)(1)**
_____

    Allen Todd May, through undersigned counsel, respectfully requests that this Court depart from Criminal History Category (CHC) V to II pursuant to United States Sentencing Guideline § 4A1.3(b)(1). Six (6) of the criminal history points that probation is attributing are from offenses that happened 34 and 23 years ago and involve relatively small amounts of loss. These two offenses substantially over-represent Mr. May's criminal history and the seriousness of his past crimes. To account for the age of the convictions as well as the nature of the conduct involved, this Court should depart from CHC V to II and use this as the applicable guideline range when considering the benchmark from which to begin sentencing. *See Gall v. United States,* 128 S. Ct. 586 (2007).

    **I.**    **Departure Pursuant to § 4A1.3 is Warranted**

    Pursuant to United States Sentencing Guideline § 4A1.3(b)(1) a downward departure may be warranted if "reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history…." The Background section to § 4A1.3(b)(1) states, "For example, a defendant with an extensive record

of serious, assaultive conduct who had received what might now be considered extremely lenient treatment in the past might have the same criminal history category as a defendant who had a record of less serious conduct. Yet, the first defendant's criminal history clearly may be more serious." The Background merely provides an example, rather than exhaustive criteria. In this case, Mr. May has no points attributed from any violent, intimidating, or forceful conduct. The 6 criminal history points at issue are attributed from decades old cases that involve non-violent thefts from a grocery chain and a country club, with relatively low loss amounts.

## II. The Convictions that Warrant Downward Departure

### A. 3/7/1991 Theft (Enhanced), Court of Harris County, Houston, Texas Case No. 0591143

The first case for which probation calculates 3 criminal history points is from 1991, 34 years ago. Doc. #54 p. 18. Mr. May, who is now 60 years old, was 26 years old at the time he committed this offense. This theft case involves Mr. May writing a check with insufficient funds at a grocery store chain to obtain food for his family and a small amount of cash. Upon information and belief, T.R. are the initials of the courtesy booth employee who accepted the bad check. The dollar amount on this theft is a range of $750 - $20,000. While the PSR does not specify the amount for which the check was written, given that the check was tendered at a grocery store, and grocery stores typically have a check cashing limit, it is unlikely that the loss amount was high, and more likely that it was towards the low end of this range.

In addition to a being a relatively low-level property offense that occurred 34 years ago, the length of the sentence Mr. May received for writing this bad check for groceries is exceedingly long – 20 years. During the 1990s, the Texas penal system implemented the "Texas solution." M. Reyonlds, *Crime and Punishment in Texas in the 1990s*, NCPA Policy Report No.

237, November 2000. The State of Texas boasted that during this time it had more criminals under state supervision than any other state. *Id.* Mr. May was sentenced to 20 years and incarcerated during the "Texas solution" time frame. Because the 20 year prison sentence was followed by a period of parole that extended into 2010, combined with his arrest in 2010 for the Northern District of Texas federal case, Mr. May was not able to discharge this sentence, even though this low-level property offense occurred 19 years prior to the time that the arrest warrant for absconding was apparently issued. Based on the age and nature of this offense and the disproportionately long duration of the sentence, Mr. May asserts that he should not be assessed criminal history points for this offense.

### B. 12/17/2002 Theft of Services, Court of Harris County, Houston, Texas, Case No. 0933704

The second case for which probation calculates 3 criminal history points is from 2002, 23 years ago. Doc. #54, p. 21. This case involves Mr. May signing for a country club party tab totaling $3,627.71 and then failing to make payment to the club at the end of the month. For this offense, Mr. May was sentenced to 22 months in prison. He was released from prison in 2004, yet his sentence was not discharged for another 14 years, in 2018. Based on the age and nature of the offense and the disproportionately long duration of the sentence, Mr. May asserts that he should not be assessed criminal history points for this offense.

### III. Conclusion

In conclusion, when the Court considers the age, conduct, duration of these sentences, and the punishment he has already served, Mr. May asserts that these two old offenses substantially overrepresent his criminal history. If the Court does not include these two offenses, each which add 3 points to his criminal history score, it reduces Mr. May's criminal history points from a total of 10 to 3. The additional criminal history point attributed under § 4A1.1(e)

would not apply because Mr. May would not have 7 or more points under subsections (a) through (d). As such, Mr. May requests that the Court depart from CHC V to II pursuant to USSG § 4A1.3(b)(1). With this departure, Mr. May's resulting advisory sentence guideline range would be 70-87 months.

*s/ Dru Nielsen*

Dru Nielsen
Nielsen Weisz, LLC
1800 15th Street, Suite 101
Denver, CO  80202
dru@nwlitigation.com
Attorney for Allen Todd May

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2025, I electronically filed the foregoing **MOTION FOR DEPARTURE TRIAL PURSUANT TO § 4A1.3(b)(1)** with the Clerk of the Court using the CM/ECF system which will send notification to all parties of record.

*s/ Dru Nielsen*
Dru Nielsen